**UNITED STATES of America ex rel. Alice Mae WILLIAMS**

v.

**H. L. HANCHEY, Acting Warden of Louisiana State Penitentiary.**

Misc. No. 779.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Nov. 30, 1964.

Murphy W. Bell, Baton Rouge, La., for petitioner.

Jack P. F. Gremillian, Atty. Gen., State of Louisiana, Thomas W. McFerrin, Baton Rouge, La., Sp. Counsel, Jodie W. Stout, Asst. Atty. Gen., Baton Rouge, La., for respondent.

WEST, District Judge.

This matter came on for hearing on November 6, 1964 on petitioner's application for the issuance of a writ of habeas corpus. Petitioner appeared in Court with her retained counsel who informed the Court that the only grounds relied upon by petitioner in her claim that her constitutional rights have been violated and that thus she is illegally incarcerated is that first, she was not accorded the right to counsel at the time she pleaded guilty to the offense charged in the State Court, and secondly, that she was not fully aware of the offense with which she was charged.

Petitioner was charged by bill of information in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, with a "crime against nature," which, under Louisiana law, is a felony. The bill of information filed against petitioner stated that she "did violate R.S. 14:89 in that she did have an unnatural carnal copulation with Mona Gale Truax, a person of the same sex."

On July 23, 1964, petitioner was brought before the Court for arraignment. Pursuant to the procedure used in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, since the holding in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) became effective, a pre-arraignment statement of the accused is obtained in open court. The pre-arraignment statement, signed by the accused, by the presiding judge, by the assistant district attorney, and by the deputy clerk of court in this instance, reads as follows:

"PRE–ARRAIGNMENT STATEMENT OF ACCUSED

"1. What is your name? ANSWER: ALICE MAE WILLIAMS

"2. What is your age? ANSWER: 18

"3. You are charged with 'CRIME AGAINST NATURE' Under Louisiana Law this is a felony charge. If you plead guilty to this charge the court is authorized to sentence you to serve at hard labor in the State Penitentiary for a term up to 5 years. Do you fully understand this? ANSWER: YES

"4. Do you have an attorney to represent you at this time? ANSWER  NO

"5. Do you wish the Court to appoint an attorney to represent and assist you at this time? ANSWER:  NO

"6. Do you fully understand the possible consequences if you plead 'Guilty' to the abovementioned charge?  ANSWER: YES

"7. Do you wish to plead to the abovementioned charge at this time? ANSWER:  YES

"8. Has anyone threatened you or mistreated you in any way so as to induce you to enter a plea to the above charge?  ANSWER:  NO

(Pat)

/s/ Alice Mae Williams
(Signature of accused)

"Date  7–23–64

"The foregoing colloquy took place in Open Court on the aforesaid date between the accused named above and the undersigned Assistant District Attorney in the presence of the undersigned Presiding Judge and Deputy Clerk of Court. The said accused then (signed) (refused to sign) the foregoing statement, same being done in the presence of the undersigned.

/s/ Jess Johnson
Presiding Judge

/s/ Walter R. Krousel, Jr.
Assistant District Attorney

/s/ Kathleen O. Funk
Deputy Clerk of Court"

The questions contained on the pre-arraignment statement of the accused are first asked orally and answered orally by the defendant in open court, in the presence of the judge, the district attorney or one of his assistants, and the deputy clerk of court. Thereafter, in open court, the written statement itself is signed by the accused. This was done in the present case, and after the petitioner stated that she did not wish to be represented by counsel, the Court, on the following day, sentenced her to three years in the state penitentiary. It is now the contention of petitioner that she did not have the assistance of counsel, and that she did not know what charges had been levied against her.

In furtherance of these contentions, petitioner filed this suit, asking for the issuance of a writ of habeas corpus. A full evidentiary hearing was granted. At the hearing, both petitioner and her stepmother testified. The gist of the testimony of the stepmother is that she had attempted to get an attorney to represent petitioner but was unable to do so. And, incidentally, the attorney which she attempted to employ was the same attorney presently representing petitioner, which attorney refused, at that time, to represent petitioner because of the inability of petitioner's stepmother to raise the necessary money in payment of his fee. But the fact of the matter is that it was not petitioner's stepmother who was in need of an attorney. It was petitioner, an eighteen year old person, the mother of three children, who had the right to either have a court appointed attorney, or to waive that right. Thus, this petitioner was fully capable of waiving her own constitutional rights without the assistance of her stepmother. She did waive her constitutional right to counsel, and the pre-arraignment statement hereinabove quoted speaks for itself. If this Court, in the face of this evidence, were to hold that this did not amount to a valid waiver of her right to counsel, and that the State Court failed to acquaint petitioner with her constitutional right to counsel and with the nature of the offense with which she was charged, and the possible conse-

quences of a guilty plea, then it is difficult to understand what type of procedure could be followed by the State Courts in order to properly apprise a defendant of his rights.

This Court is of the opinion that petitioner knowingly, intelligently, and voluntarily waived her right to counsel, and that she was, prior to her waiver of the right to counsel, completely and adequately informed as to the nature of the offense against her. No Federally guaranteed right has been violated and consequently, her application for the issuance of a writ of habeas corpus must be denied.